NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO ESAU RIVERA-MENDEZ,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　Respondent. | No. 20-71984<br><br>Agency No. A205-389-961<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2022**
Pasadena, California

Before:  KELLY,*** M. SMITH, and COLLINS, Circuit Judges.

Mario Rivera-Mendez, a citizen of El Salvador, petitions for review of a decision by the Board of Immigration Appeals ("BIA") upholding a decision of an Immigration Judge ("IJ") denying his applications for relief and ordering him removed to El Salvador.  We review the agency's legal conclusions de novo and its factual findings for substantial evidence.  *See Davila v. Barr*, 968 F.3d 1136, 1141

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

*** The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

(9th Cir. 2020). Under the latter standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We have jurisdiction under § 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, and § 2242(d) of the Foreign Affairs Reform and Restructuring Act, 8 U.S.C. § 1231 note (United States Policy with Respect to the Involuntary Return of Persons in Danger of Subjection to Torture). *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1690–91 (2020). We deny the petition.

1. Substantial evidence supports the agency's denial of Rivera-Mendez's application for withholding of removal under § 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3). The agency permissibly concluded that the past harms that Rivera-Mendez claimed—a physical attack in 2000 and extortionate phone calls to his brothers in 2006 and 2010—lacked any nexus to a protected ground. During cross-examination at his hearing, Rivera-Mendez admitted that the 2000 attack was the result of an altercation with gang members over his then-girlfriend. The extortionate phone calls were likewise reasonably deemed by the agency to be criminal acts by gang members that were not connected to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that a petitioner's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). And given the

2

age of the past incidents, and the lack of any further extortion attempts after 2010, the agency reasonably concluded that Rivera-Mendez had not shown the requisite likelihood of future harm based on a protected ground.

2. Substantial evidence also supports the agency's denial of Rivera-Mendez's claim for protection under the Convention Against Torture. Even assuming that Rivera-Mendez is correct in contending that gang violence remains a continued problem in El Salvador, the agency permissibly concluded that, given the lack of any evidence of harms or threats against Rivera-Mendez since 2010, he had failed to establish that it was more likely than not that he would face torture within the meaning of the Convention if he is returned to El Salvador. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (stating that "generalized evidence of violence and crime" that "is not particular" to the applicant "is insufficient" to compel the conclusion that the applicant faces the requisite likelihood of torture).

Petition **DENIED**.